## City of Kewanee v. Catherine Guilfoil.

1.   LICENSE—*As a Defense, Must be Proved by a Preponderance of the Evidence.*—The plea of license in an action for damages by reason of a nuisance presents an affirmative defense and must be proved by a preponderance of the evidence.

2.   DAMAGES—*In Actions for Nuisances.*—In an action for damages sustained by reason of a nuisance, where the plaintiff depends largely upon the claim that her health had been seriously affected, it is very difficult, if not impossible, for witnesses to testify to the exact amount of damages sustained, and very much must be left to the discretion of the jury, based upon the evidence in the case.

**Action for a Nuisance.**—Trial in the Circuit Court of Henry County; the Hon. FRANK D. RAMSEY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

WILLIAM LAWSON, attorney for appellant.

ALEXANDER McLEAN, attorney for appellee; WILSON & MOORE, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee owns a lot in the city of Kewanee, where she has resided for some thirty-five years. Her residence is on a knoll in the southwest corner of the lot and the remainder of the lot, so far as it could be, was used for a pasture. A ravine runs through the lot from the southeast corner toward the northwest. Some twenty-five years prior to the commencement of this suit, appellant constructed a drain which receives the surface water from a part of the streets of the city; this drain was constructed of sewer pipe, and was extended, in 1892, to the south edge of appellee's lot, and shortly afterward a large hole was washed out at the end of the drain. There are numerous intakes which receive the wash from the street, connected with the drain. There are also two laundries which discharge into it. In the summer of 1896, five saloons made connections with it for the discharge of their slops.

Appellee brought suit against appellant for injuries to her health and to her premises, alleged to have been caused by reason of the offensive discharge from the drain. The declaration charges that the city wrongfully, negligently and unlawfully allowed sewage to be discharged with its filth into a stream of water which ran over and onto the premises of appellee, thereby converting said stream into a cess-pool, from which divers noxious and offensive stenches arose, corrupting and poisoning the stream and atmosphere surrounding, penetrating into the dwelling of the plaintiff, rendering the water impure and unfit for the use of domestic animals, the air unwholesome and the premises uninhabitable; that by the means aforesaid, the plaintiff was greatly injured in her health, and was made sick, etc.

The declaration further averred that the value of said premises, by the means aforesaid, had been destroyed. The appellant pleaded the general issue and several special pleas, one of which was a plea of license. There was no evidence tending to sustain any of the special pleas, save that of the plea of license. The jury returned a verdict for appellee in the sum of $1,100, but she entered a remittitur of $300, and judgment was rendered for $800. On the trial of the case objections were made to certain hypothetical questions put to physicians on behalf of appellee. These questions were asked in connection with testimony showing the ill health of appellee, and their object was to determine whether or not her sickness was caused by the offensive discharges from the drain. Some of the questions put were not technically proper, because they were not based upon a strictly correct statement of the evidence. They assumed in several instances that the wash from a larger area was discharged into the drain, than the evidence warranted. The evidence, however, clearly showed that the discharge was offensive, especially throughout the summer months, and at times was almost unendurable.

It further showed that appellee suffered from ill health during the two years prior to the bringing of suit. Other questions than those objected to were put to the physicians,

which brought forth similar answers. We are therefore
of opinion that, while the questions referred to were objec-
tionable, yet no material injustice was suffered by appellant
by the refusal of the court to sustain the objections thereto.

Appellant relied largely for its defense, upon an alleged
license given it by appellee to discharge its sewage through
the drain in question upon her lot. The evidence to sup-
port this claim is wholly contained in the testimony of
the witness Bigelow, who was sworn on the part of appel-
lant. He testified that some four or five years prior to the
bringing of suit, while he was a member of the "board of
trustees," the appellee came to him and made complaint
that the discharge from the drain had made the water in
the ravine unfit for her cows to drink. Witness asked
her whether it would be satisfactory if a well should be
dug on the premises for her, and she said it would be per-
fectly satisfactory, if she could get water for her cows and
that she complained of nothing else. Witness further testi-
fied that they afterward dug a well on the premises and
put a pump in it for her; that after the well was put in, she
said it was very satisfactory.

We are not prepared to say that this conversation, if it
took place, would of itself be sufficient to constitute a
license to the city to continue the discharge of its sewage
upon appellee's premises, especially in view of the fact that
the amount of sewage was afterward greatly increased by the
connection of the drain with the saloons of the city. Appel-
lee, however, wholly denies having had such a conversation
with said witness, and the same is not satisfactorily proven
by a preponderance of the evidence.

The giving of the fifth and sixth instructions for appellee,
is assigned as error by appellant. These instructions were
objectionable to some extent in giving undue prominence
to a portion of the evidence, but as they relate to the con-
struction to be placed upon the testimony of the witness
Bigelow, and as we hold that the same was not sufficient
to establish a license, the error in this respect is not of
itself sufficient to warrant a reversal of the judgment.

The giving of instruction eight for appellee is also assigned as error. That instruction told the jury that in order to fix the amount of damages, no specific amount need be testified to by the witnesses, but that the jury were the judges of the damages sustained by plaintiff, if any, "under all the evidence in the case."

Appellee depended for her recovery in this case, largely upon the claim that her health had been seriously affected by reason of the discharges from the drain. In such case it would be very difficult, if not actually impossible, for witnesses to testify to the exact amount of damages sustained by her, and very much must be left to the discretion of the jury. Such discretion, however, must be based upon the evidence in the case.

We are of opinion that the instruction fairly told the jury that they must base their estimate of the damages upon the evidence in the case, and that the instruction was therefore proper.

The modification of instructions three, four and seven, offered by appellant, was made in order that they might conform to the theory of the law laid down in the instructions given for appellee above referred to, and were entirely proper.

It is urged by appellant that the damages awarded in this case are excessive. We consider this the most serious objection to the judgment, but while we would have been better pleased with a judgment for a smaller amount, we can not say that it was not warranted by the evidence in the case.

The judgment of the court below in this case will be affirmed.